IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIJAY VIJAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | NO. CIV-26-0172-HE |
| ) | |
| RUSSELL HOLT, et al., ) | |
| ) | |
| Respondents. ) | |

**<u>ORDER</u>**

Petitioner Vijay Vijay seeks a writ of habeas corpus to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE). According to the petition, Mr. Vijay is a citizen of India who entered the United States on July 27, 2018. Thereafter, ICE initiated removal proceedings, charging petitioner as an alien present in the United States who has not been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). The petition indicates petitioner was detained and later released pursuant to 8 U.S.C. § 1226. On or around April 30, 2019, petitioner filed an application for asylum and withholding of removal. Over six years later, on January 26, 2026, ICE arrested petitioner, and took him into custody. He is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), and he is housed at the Cimarron Correctional Facility in Cushing, Oklahoma.

On February 2, 2026, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than pursuant to 8 U.S.C. § 1226(a), which provides for a bond hearing, violates the

Immigration and Nationality Act and the Fifth Amendment due process clause. Petitioner requested release from custody, or alternatively, a bond hearing pursuant § 1226(a). As ordered by the court, the federal respondents filed a response to the petition, and petitioner filed a reply. The matter is at issue.

In their briefing, respondents acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), concluding that § 1226(a) rather than § 1225(b)(2)(A) governed the petitioner's detention, and that this case may be decided in a similar fashion. Nonetheless, respondents rely upon contrary decisions by judges in this district, specifically, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), as well as the contrary decision of the Fifth Circuit Court of Appeals in Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), to urge the court to deny petitioner's § 2241 petition. Upon review, the court declines to reconsider its prior ruling.[1] The conflicting decisions of the judges in this district and the 2-1 decision in Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the

---

[1] *In its briefing, respondents raise a jurisdictional argument not specifically addressed in Ramirez Rojas – the court lacks jurisdiction to consider petitioner's statutory argument because 8 U.S.C. §§ 1252(a)(5) and 1252(b)(9) channel claims related to removal orders to the appropriate court of appeals. For the same reasons stated in Perez v. Grant, Case No. CIV-25-1560-R, 2026 WL 315065, at 1 (W.D. Okla. Feb. 5, 2026), the court rejects that argument.*

judges in this district[2] and the Seventh Circuit Court of Appeals in <u>Castanon-Nava v. U.S. Department of Homeland Security</u>, 161 F.4th 1048, 1060-62 (7th Cir. 2025).  And even though petitioner filed an asylum application, the court has previously concluded that § 1225(b)(2)(A) still does not apply.  *See* <u>Li v. Grant</u>, CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[3] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **<u>seven (7) business days</u>** or otherwise release petitioner if he has not received a lawful bond hearing within that period.  Respondents are further **ORDERED** to certify compliance by filing a status report within **<u>ten (10) business days</u>** of the court's order.

---

[2] *See* <u>Lopez v. Corecivic Cimmaron Correctional Facility</u>, *Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026);* <u>Valdez v. Holt</u>, *Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025);* <u>Colin v. Holt</u>, *Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025),* <u>Escarcega v. Olson</u>, *Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

[3] *The court declines to decide the merits of petitioner's Fifth Amendment due process claim alleged in Count II of the habeas corpus petition in light of its ruling that § 1226(a) governs petitioner's detention.*

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 6th day of March, 2026.

                                                      JOE HEATON
                                                     UNITED STATES DISTRICT JUDGE